# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DERRICK L. SMITH,**

        **Plaintiff,**

 v.                                                                        Case No. 18-CV-1904

**BRIAN FOSTER,** *et al.***,**

        **Defendants.**

## ORDER

On July 7, 2021, the defendants filed a motion for summary judgment on the ground that plaintiff Derrick L. Smith's Eighth Amendment sexual harassment claims against defendants John Birdyshaw, Andrew Pohl, and Joshua Adderton are directly contradicted by video evidence. (ECF No. 106.) As to the remaining defendants, the defendants moved for summary judgment on the ground that Smith failed to exhaust his administrative remedies before filing this lawsuit. (*Id.*) The next day the court issued a notice and order informing Smith that he had until August 6, 2021, in which to file a response to the defendants' summary judgment motion. (ECF No. 107.) The court cautioned Smith that, if by that date he did not respond to the motion or file a letter explaining why he was unable to do so, the court would accept all facts asserted by the defendants as undisputed.

Smith filed four motions for an extension of time to respond to the defendants' summary judgment motion. (ECF Nos. 108, 114, 119, and 122.) The

court granted Smith's motion each time. (ECF Nos. 109, 115, 120, and 123.) In its last order granting Smith's motion for an extension, the court gave Smith until March 14, 2022, to respond and informed him that it would grant no more extensions without a showing of good cause. (ECF No. 123.)

The March 14, 2022 deadline has passed and Smith has not filed a response. As such, the court will construe the motion as unopposed. The court has reviewed the defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the defendants are entitled to summary judgment on the merits in the case of Birdyshaw, Pohl, and Adderton, and on exhaustion grounds as to the remaining defendants. Accordingly, the defendants' motion is granted and the claims are dismissed.

The court also notes that the defendants asked for sanctions because Smith filed a clearly frivolous lawsuit. (ECF No. 106 at 4.) "[A] court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T & H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). Smith is already a restricted filer as he incurred three strikes under 28 U.S.C. § 1915(g). Typically, when a prisoner failed to exhaust administrative remedies the claims are dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020) However, in light of Smith's frivolous claims against Birdyshaw, Pohl, and Adderton, the court will dismiss the entire

case with prejudice, including the claims dismissed for failure to exhaust, barring Smith from refiling any piece of this case.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (ECF No.99) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 18th day of March, 2022.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge